# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MARVEL ULUSLAR ARASI,

        Plaintiff,

    -against-

TIANJIN TIANHONG FORWARDING CO.
LTD; TIANJIN INTERNATIONAL
MARINE SHIPPING CO. LTD. and
TIANHAI INDUSTRY COMPANY,

        Defendant(s).

## SUMMONS IN A CIVIL ACTION

Case No. 08 CV 2974

TO: (name and address of defendants)

TIANJIN TIANHONG FORWARDING
CO. LTD.
141 Chongqing Road, Heping District
Tianjin, China

TIANJIN INTERNATIONAL MARINE
SHIPPING CO. LTD.

TIANHAI INDUSTRY COMPANY

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MAHONEY & KEANE, LLP
111 Broadway, 10th Floor
New York, NY 10003
(212) 385-1422

an answer to the complaint which is served on you with this summons, within **twenty (20)** days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

MAR 2 1 2008

MAR 2 1 2008

**J. MICHAEL McMAHON**

CLERK

DATE

DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

MARVEL ULUSLAR ARASI,

        Plaintiff(s),

    -against-

TIANJIN TIANHONG FORWARDING CO. LTD;
TIANJIN INTERNATIONAL MARINE SHIPPING
CO. LTD. and TIANHAI INDUSTRY COMPANY,

        Defendant(s).

------------------------------------------X



    **PLEASE TAKE NOTICE** that Plaintiff, MARVEL ULUSLAR ARASI, (Plaintiff or "MARVEL"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendants, TIANJIN TIANHONG FORWARDING CO. LTD; TIANJIN INTERNATIONAL MARINE SHIPPING CO. LTD. and TIANHAI INDUSTRY COMPANY ("TIANJIN Defendants"), alleges, upon information and belief, as follows:

    1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's diversity, pendent, supplementary and ancillary jurisdiction.

    2.    Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country.

    3.    Defendant TIANJIN TIANHONG FORWARDING CO. LTD. ("TIANJIN TIANHONG") is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business located at 141 Chingqing Road, Heping District, Tianjin, China.

- 1 -

4.    Defendant TIANJIN INTERNATIONAL MARINE SHIPPING CO. LTD. ("TIANJIN INTERNATIONAL") is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business outside the jurisdiction of this Court.

5.    Defendant TIANHAI INDUSTRY COMPANY ("TIANHAI") is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business outside the jurisdiction of this Court.

6.    Upon information and belief, TIANJIN TIANHONG is a wholly or partly owned subsidiary of Defendants TIANJIN INTERNATIONAL and/or TIANHAI, or vice versa.

7.    Upon information and belief, Defendant TIANJIN TIANHONG uses Defendants TIANJIN INTERNATIONAL and/or TIANHAI as conduits to pay its debts and obligations and are otherwise alter egos of TIANJIN TIANHONG, or vice versa.

8.    Upon information and belief, TIANJIN TIANHONG is a shell corporation through which Defendants TIANJIN INTERNATIONAL and/or TIANHAI conduct business, and vice versa.

9.    Upon information and belief, TIANJIN TIANHONG has no separate, independent identity from Defendants TIANJIN INTERNATIONAL and/or TIANHAI, and vice versa.

10.   Upon information and belief, Defendant TIANJIN TIANHONG is an alter ego of Defendants TIANJIN INTERNATIONAL and/or TIANHAI, collectively or individually, because they dominate and disregard their corporate form to the extent that TIANJIN INTERNATIONAL and/or TIANHAI are actually carrying on

the business and operations of the other Defendant, as if it were their own, or vice versa.

11.    Upon information and belief, TIANJIN TIANHONG acts as a paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendants TIANJIN INTERNATIONAL and/or TIANHAI and/or receives payments being made to these Defendants, or vice versa.

12.    Upon information and belief Defendant TIANJIN TIANHONG is affiliated with Defendants TIANJIN INTERNATIONAL and/or TIANHAI, such that TIANJIN TIANHONG is now or will soon be holding assets belonging to these Defendants, or vice versa.

13.    Upon information and belief Defendants are partners and/or joint venturers.

14.    Upon information and belief Defendant TIANJIN INTERNATIONAL and/or TIANHAI are successors in interest to TIANJIN TIANHONG, and therefore responsible for any and all debts incurred in the course of its business, including such debts underlying this Complaint, or vice versa.

15.    Plaintiff, as owner, and Defendant, as charterer, entered into a fixture agreement, for the use of the M/V MAHA DEEPA.

16.    Defendant breached the relevant fixture agreement by unlawfully and in contravention of the terms of the agreement, canceling said fixture and failing to pay, among other aspects, freight, dead freight, demurrage, detention, etc, as well as additional port dues, agency fees, loss of hire, survey fees, and other costs and damages associated with Defendant's breach,

including interest and legal fees.

17.    As a result of the foregoing, Plaintiff has incurred, and will continue to incur, costs and expenses for which Defendant is liable under the terms of the agreement between the parties.

18.    Plaintiff has placed Defendant on notice of its claim that Defendant has breached the referenced agreement.

19.    Despite Plaintiff's repeated demands, Defendant has failed to pay the amounts due and owing to Plaintiff under the agreement.

20.    Pursuant to the fixture agreement, disputes are to be settled by arbitration, and Plaintiff will shortly commence arbitration with Defendant, accordingly.

21.    Under the rules of such arbitration, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

22.    As a result of Defendant's breach of the fixture agreement, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts by way of arbitral award:

| | |
|---|---|
| Principal Claim | $762,508.00 |
| Interest (for a period of 3 yrs at 6.0%) | $145,651.23 |
| Attorneys' and Expert's Fees, Arbitration Expenses | $250,000.00 |
| Total | $1,158,159.23 |

23. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

24. All conditions precedent required of Plaintiff in the aforesaid agreement have been performed.

25. Defendant cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendant has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P.Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank and/or UBS, which are believed to be due and owing to Plaintiff.

26. For the purpose of obtaining personal jurisdiction over Defendant and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter

hire, and/or other assets belonging to, due or for the benefit of Defendant, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A.     That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.     That, since Defendant cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P.Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank, UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$1,158,159.23** to secure Plaintiff's

claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

C.    That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

D.    That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated:    New York, NY

March 21, 2008

Respectfully submitted,

MAHONEY & KEANE, LLP
Attorneys for Plaintiff
MARVEL ULUSLAR ARASI

By: _____
Edward A. Keane (EK 1398)
111 Broadway, 10th Floor
New York, NY 10006
Tel. (212) 385-1422
Fax (212) 385-1605
File No. 12/3550

## ATTORNEY VERIFICATION

STATE OF NEW YORK      :
                       :  SS.:
COUNTY OF NEW YORK     :

    1.    My name is EDWARD A. KEANE.

    2.    I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

    3.    I am the attorney for Plaintiff, MARVEL ULUSLAR ARASI. I am fully authorized to make this Verification on its behalf.

    4.    I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

    5.    The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

    6.    The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated:    New York, New York

      March 21, 2008

                                      EDWARD A. KEANE (EK 1398)

- 1 -